UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 4:18-cr-25 |
| v. | ) Judge McDonough |
| | ) Magistrate Judge Lee |
| GRAHAM MITCHELL CLARK, | ) |
| a/k/a "MOLLY POPPINS" | ) |

**PLEA AGREEMENT**

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Graham Mitchell Clark ("the defendant" or "Clark"), also known as "Molly Poppins," and the defendant's attorney, Garth Best, have agreed upon the following:

1. The defendant will waive indictment and arraignment and plead guilty to an Information charging the defendant with the following offense:

(a) **Count One:** Possession with intent to distribute 1 gram or more of a mixture or substance containing a detectable amount of lysergic acid diethylamide ("LSD"), a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

(b) **Count Two:** Possession with intent to distribute a mixture or substance containing a detectable amount of 3, 4-methylenedioxymethamphetamine ("MDMA"), a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The punishment for this offense is as follows.

As to Count One: imprisonment for a term no fewer than 5 years and no more than 40 years; a fine of up to $5,000,000; supervised release for a term of no fewer than 4 years; and a $100

special assessment. If the defendant has sustained a prior felony drug conviction, he faces a sentence of not less than 10 years and not more than life imprisonment; a fine of up to $8,000,000; a term of supervised release for no fewer than 8 years; and a $100 special assessment.

As to Count Two: imprisonment for a term of no more than 20 years; a fine of up to $1,000,000; supervised release for a term of no fewer than 3 years; and a $100 special assessment. If the defendant has sustained a prior felony drug conviction, he faces a sentence of no more than 30 years; a fine of up to $2,000,000; a term of supervised release for no fewer than 6 years; and a $100 special assessment

2. The defendant will plead guilty to a two-count Information. There are no additional counts to dismiss.

3. The defendant has read the Information, discussed the charges and possible defenses with defense counsel, and understands the crime charged. The defendant is pleading guilty because the defendant is in fact guilty.

In order to be guilty, the defendant agrees that each of the following elements of the crime(s) must be proved beyond a reasonable doubt:

**Count One:** **Possession with intent to distribute 1 gram or more of a mixture or substance containing a detectable amount of LSD, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B):**

The defendant:

(1) knowingly or intentionally possessed 1 gram or more of a mixture or substance containing a detectable amount of LSD, a Schedule I controlled substance;

(2) with the intent to distribute the same.

**Count Two:** Possession with intent to distribute a mixture or substance containing a detectable amount of MDMA, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The defendant:

> (1) knowingly or intentionally possessed a mixture or substance containing a detectable amount of MDMA, a Schedule I controlled substance;
>
> (2) with the intent to distribute the same.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

(a) On June 9, 2017, Tennessee Bureau of Investigation ("TBI") Agent Lance Walker (and affiliated agents) conducted an undercover drug buy from the defendant, who was known to law enforcement as an individual distributing drugs at various music festivals using the trade name "Molly Poppins." The buy happened at the Bonnaroo Music Festival in Manchester, Tennessee. After making the buy, TBI Agents continued monitoring the defendant covertly. Manchester Police Department Investigator Jackie Matheny arrived at TBI's notice and saw the defendant make a drug sale.

(b) Officers arrested Clark. In his possession were 19 grams of MDMA and 49 "hits" of LSD. Officers also recovered Volkswagen keys.

(c) At the conclusion of the music festival, officers located Clark's car and impounded it. In conducting an inventory of the car, officers found approximately one-half of one

pound of MDMA and multiple "hits" of LSD. Officers also recovered $23,570 and cellular telephones from the car.

  (d) Based on laboratory analyses from the Tennessee Bureau of Investigation, the total weight of the MDMA recovered from the defendant's person and his car was approximately 256 grams. The total weight of the LSD recovered from the defendant's person and his car (including the carrier medium) was approximately 5.9 grams.

  (e) The defendant admits that he purchased the above-referenced drugs using cryptocurrency, via the "dark web," and that he possessed the above-referenced drugs with the intent to distribute them during the Bonnaroo Music Festival, in the Eastern District of Tennessee.

  (f) The United States agrees that, to the extent applicable for purposes of the "safety valve" provisions of the United States Sentencing Guidelines and 18 U.S.C. § 3553(f), the defendant has truthfully provided all information and evidence he has concerning the offense.

5. The defendant understands that by pleading guilty the defendant is giving up several rights, including:

  (a) the right to be indicted by a grand jury for these crimes;

  (b) the right to plead not guilty;

  (c) the right to a speedy and public trial by jury;

  (d) the right to assistance of counsel at trial;

  (e) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

  (f) the right to confront and cross-examine witnesses against the defendant;

  (g) the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

(h) the right not to testify and to have that choice not used against the defendant.

6. The parties agree that the appropriate disposition of this case would be the following as to each count:

(a) The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

(b) The Court will impose special assessment fees as required by law; and

(c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any

conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

7. The defendant agrees to pay the special assessment in this case prior to sentencing.

8. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

(a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

(b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

(c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

9. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offenses committed, the defendant voluntarily, knowingly, and intentionally agrees to the following: The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

10. This agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including but not limited to failing to enter guilty plea(s) as

agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

11. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. If additional terms are included in the Supplement, they are hereby fully incorporated herein.

12. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

**[Signatures on following page.]**

|  |  |
|---|---|
|  | J. DOUGLAS OVERBEY<br>UNITED STATES ATTORNEY |
| 8/21/2018<br>Date | By: _____<br>Kyle J. Wilson<br>Assistant United States Attorney |
| 08/21/18<br>Date | _____<br>Graham Mitchell Clark<br>Defendant |
| 8/21/18<br>Date | _____<br>Garth Best<br>Attorney for the Defendant |