**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Case No. 4:18-CR-00025** |
| | ) | |
| **v.** | ) | |
| | ) | **Judge McDonough** |
| | ) | **Magistrate Judge Lee** |
| **GRAHAM MITCHELL CLARK** | ) | |
| | ) | |

## MOTION FOR DEPARTURE/VARIANCE AND SENTENCING MEMORANDUM

COMES NOW, Graham Mitchell Clark (hereafter "Defendant"), by and through his counsel, R. Garth Best, Esq., and provides the following facts and argument, to assist the Court in reaching the appropriate sentencing determination in his case:

Mr. Clark pled guilty to a violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B) (Possession with the intent to distribute 1 gram or more of a mixture or substance containing "LSD") and 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C) (Possession with the intent to distribute a mixture or substance containing "MDMA"). Sentencing is set for November 30, 2018. According to the presentence report, the defendant's Guidelines range is 30-37 months.

## 18 U.S.C. § 3553 Factors

Mr. Clark respectfully requests this Honorable Court to grant a downward departure, or in the alternative, downward variance, from the guidelines range in this case, in order to fashion a sentence which is sufficient but not greater than necessary to satisfy the requirements of 18 U.S.C. § 3553.

Federal sentencing law provides that in fixing the appropriate punishment for a defendant, the Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The sentence imposed must be "sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2)(A)-(D) – the purposes of just punishment, deterrence, protection of the public, and the defendant's need for educational, medical, or other correctional treatment. 18 U.S.C. § 3553(a). The federal sentencing guidelines are "advisory," United States v. Booker, 543 U.S. 220, 245 (2005), and if the Court finds that the sentence suggested by the guidelines exceeds what is necessary to achieve the statutory purposes of sentencing, the Court should impose a lower sentence which does achieve those purposes. See, 18 U.S.C. § 3553(a). Pursuant to 18 U.S.C. §3553(a), the Defendant requests a sentence at the lower end of whatever the Court determines to be his applicable guideline range and would show that such a sentence is reasonable considering the history, reputation, and characteristics of the Defendant.

As the Court is well aware, the Court must consult 18 U.S.C. §3553(a) which provides several factors for the Court to consider. Among those factors is the reputation and characteristics of the Defendant. In support of this Motion, Defendant would rely on letters (Collective Exhibit 1) provided by his friends, professor, and long term acquaintances that speak well of his reputation and characteristics.

The Defendant would further show at Sentencing that:

1. He has never been incarcerated before and any sentence that he receives will be of great significance to him;

2. He has expressed remorse for his actions to friends (supported through letters in Collective Exhibit 1); and

3. His lack of criminal history and remorse establish that he is a low risk of recidivism.

**Conclusion**

Mr. Clark asks the Court to use the minimum of his guideline range as its starting point in determining his sentence in response to any other motion for a sentence below the guidelines and statutory minimum mandatory. He further asks the Court to recommend he be admitted to the Bureau of Prisons' intensive drug treatment program (RDAP).

Respectfully submitted,
_/s/R. Garth Best____
R. Garth Best
TN BPR#027099

Best Hayduk Brock, PLLC.
1257 Market St.
Chattanooga, Tennessee 37402
Telephone: (423) 693-2378
Facsimile: (423) 424-0889

*Attorney for Graham Mitchell Clark*

## CERTIFICATE OF SERVICE

**Counsel hereby certifies that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular mail has been served on counsel for all parties to this proceeding and specifically by regular U.S. Mail, postage pre-paid:**

**A copy of the above was mailed to:**

**Kyle Wilson**<br>**Assistant United States Attorney**<br>**1110 Market Street, Suite 515**<br>**Chattanooga, Tennessee 37402**

**On this, the 16th day of November, 2018.**

**/s/ R. Garth Best**<br>**R. Garth Best, Esq.**